IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JET MAINTENANCE, INC., | ) |
|                           Plaintiff, | ) |
| vs. | ) Case No. CIV-22-263-C |
| DEVON ENERGY PRODUCTION COMPANY, L.P.; DEVON GAS SERVICES, L.P.; and SOUTHWESTERN GAS PIPELINE, INC., | ) |
|                           Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff entered into a Master Services and Supply Agreement ("MSSA") with Defendant Devon Energy Production Company, L.P. ("Devon"). The purpose of the MSSA was for Plaintiff to prepare a well site prior to the drilling of a new well. The MSSA included an indemnity agreement whereby Plaintiff agreed to indemnify Devon in the event of a claim for loss or death by an employee of Plaintiff. In the same manner, the MSSA required Devon to indemnify Plaintiff for any injury or death to a Devon employee. As the result of an incident at the wellsite, an employee of Plaintiff was killed. The employee's family then filed a lawsuit against Devon in state court in Texas. Devon sought to enforce the terms of the indemnity agreement. Plaintiff then filed the present action seeking a declaratory judgment that the terms of the indemnity agreement were unenforceable as a result of an Oklahoma statute, specifically 15 Okla. Stat. § 221. Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing the statute does not apply and Plaintiff's case must be dismissed.

>The relevant portion of § 221 states:
>
>For purposes of this section, "construction agreement" means a contract, subcontract, or agreement for construction, alteration, renovation, repair, or maintenance of any building, building site, structure, highway, street, highway bridge, viaduct, water or sewer system, or other works dealing with construction, or for any moving, demolition, excavation, materials, or labor connected with such construction.

Defendants argue that the work performed by Plaintiff does not fall within the scope of this part of the statute because it was not construction of a building, building site, structure, etc. Defendants then direct the Court to other statutes and portions of the Oklahoma Administrative Code to demonstrate that the well site does not fall within the definition of any of the items listed in the statute. The Court is unpersuaded by Defendants' attempts to narrow the meaning of the terms listed in the statute. Under Oklahoma law, when construing a statute, the Court is to give the words used therein their ordinary meaning. See 25 Okla. Stat. § 1 ("Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears, and except also that the words hereinafter explained are to be understood as thus explained.") Structure is defined in Black's Law Dictionary as "Any construction, production, or piece of work artificially built up or composed of parts purposefully joined together . . . ." Black's Law Dictionary (11th ed. 2019). Structure is defined by Merriam Webster as "something (such as a building) that is constructed." https://www.merriam-webster.com/dictionary/structure. It is clear that an oil drilling rig is a "structure" under either definition. Thus, § 221 would apply to the MSSA and the indemnity agreement therein is void.

Alternatively, it is undisputed that the purpose of the MSSA was to construct a site for the erection of a drilling rig. As part of that work, the MSSA also required Plaintiff to construct a road, fence, well pit, lay sod, and do other work to prepare the site. The Court finds this work falls within the phrase "other works dealing with construction." Defendants argue this phrase must be modified by the preceding portion of the statute so that only "other works" related to construction of a building, building site, or structure would apply. The Court is not persuaded Defendants' attempts at narrowing the scope of the statute are correct. Regardless, because the Court finds that the rig is a structure, the "other works" phrase would apply even under Defendants' narrowed interpretation. Once again, § 221 would apply to the MSSA and the indemnity agreement is void.

Because the Court has found that § 221 applies to the MSSA, Defendants' Motion to Dismiss will be denied. However, it also appears that this determination grants Plaintiff the relief requested in this action. Accordingly, Plaintiff shall notify the Court within five days of any remaining issues. Defendants shall advise the Court of any objection within seven days of Plaintiff's filing.

Accordingly, Defendants' Motion to Dismiss (Dkt. No. 7) is DENIED.

**IT IS SO ORDERED** this 9th day of June 2022.

ROBIN J. CAUTHRON
United States District Judge