IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JET MAINTENANCE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-22-263-C |
| | ) |
| DEVON ENERGY PRODUCTION | ) |
| COMPANY, L.P.; DEVON GAS | ) |
| SERVICES, L.P.; and SOUTHWESTERN | ) |
| GAS PIPELINE, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff has filed a Motion requesting the Court to strike Defendants' jury demand. According to Plaintiff, the Seventh Amendment does not grant a right to a jury trial in this case, as the case is one based in equity. Plaintiff asserts the claims in this case most closely resemble a claim for specific performance and because that is a claim arising in equity there is no right to a jury trial. Defendants object, noting the claims in this matter are best viewed as inverted breach of contract claims. Alternatively, Defendants argue the claim should be viewed as an indemnity obligation and those actions are routinely found to be legal claims with the accompanying right to a trial by jury.

Plaintiff brings this declaratory judgment action to determine the rights and liabilities of the parties to a contract. Thus, it is a statutory action. "To determine whether a statutory action is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty, the Court must examine both the nature of the action and the remedy sought." Tull v. United States, 481 U.S. 412, 417 (1987). Here,

the Court is persuaded that this action most closely resembles an indemnity action rather than one for specific performance as argued by Plaintiff. At its core, the present action requires a determination of who must pay in the event damages are awarded in the underlying action. Defendants argue that under the terms of the agreement between the parties, Plaintiff must pay those costs. Plaintiff argues that it does not have that obligation. Thus, the suit is most akin to an insurance dispute and, as Defendants note, those actions are commonly tried to a jury.

Accordingly, Plaintiff's Motion to Strike Jury Demand (Dkt. No. 21) is DENIED.

IT IS SO ORDERED this 23rd day of August 2022.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge